**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                                                                                            No. CIV 12-0815 JB/GBW
                                                                                                                    No. CR 00-1424 JB

JOE COBOS,

    Defendant-Petitioner.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, under rules 4 and 11(a) of the Rules Governing Section 2255 Proceedings, on Petitioner's Numerically Second Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, by a Person in Federal Custody, filed July 25, 2012 (CIV Doc. 1; CR Doc. 621)("Second Habeas Petition"). In the Second Habeas Petition, Defendant-Petitioner Joe Cobos contends that his trial attorney, Stephen G. Ryan, provided ineffective assistance, in violation of Cobos' Sixth Amendment right to counsel. See Second Habeas Petition at 5-6. He alleges that the attorney failed to convey to him "the full extent of the Government's plea offer," denying him the ability "to make an intelligent decision." Second Habeas Petition at 5-6 (citing Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002)). The Court will dismiss the motion for lack of jurisdiction.

As indicated by the title of the Second Habeas Petition, Cobos has filed a previous § 2255 motion. See Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed February 14, 2005 (CR Doc. 488)("First Habeas Petition"). The Court considered and rejected Cobos's assertions of ineffective assistance of counsel in the First Habeas Petition.

See Memorandum Opinion and Order at 1, filed April 27, 2005 (CR Doc. 501); Judgment at 1, filed April 27, 2005 (CR Doc. 502).  Cobos argues that his current motion is timely under § 2255(f)(3), although he does not address the question whether this motion is subject to the restrictions in §§ 2244(a), (b)(3), 2255(h) on second or successive motions.  See Second Habeas Petition at 7.

The United States Court of Appeals for the Tenth Circuit has held:

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(weighing factors in Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), before transferring a second § 2255 motion).  See United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).  Cf. Thornbrugh v. United States, 424 F.App'x 756, 759 (10th Cir. 2011)(unpublished)(noting that the district court had "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.'"); United States v. Chacon, 421 F.App'x 790, 791 (10th Cir. 2010)(noting dismissal of second or successive motion is without prejudice).

The Tenth Circuit has noted several factors that a court should consider in determining whether to transfer or dismiss an initial pleading.  See Trujillo v. Williams, 465 F.3d at 1223 n.16; In re Cline, 531 F.3d at 1252.  The first of these factors is whether a new § 2255 motion would be time barred.  See Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).  Cobos argues that the Supreme Court of the United States, in Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S. Ct. 1399 (2012), recently recognized a new right of defendants to effective assistance of counsel during the plea-bargaining process and that these recent rulings make his Second Habeas Petition timely.  See Second Habeas Petition at 5, 7 (citing Lafler v. Cooper, 132 S. Ct. 1376;

Missouri v. Frye, 132 S. Ct. 1399). Under § 2255(f)(3), the one-year limitation period runs from the date that the Supreme Court of the United States recognizes a right and makes it retroactive. See 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). As Cobos concedes, the cases to which he cites in support of his timeliness argument do not meet this standard. See Second Habeas Petition at 7 ("[T]he Supreme Court did not announce that the ruling in Lafler or Frye was retroactive."). Cobos argues that, based on the Supreme Court's grant of a petition for writ of certiorari in Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011), cert. granted, 132 S.Ct. 2101 (2012), the Court should hold the case in abeyance, because that case could have a substantial effect on the Second Habeas Petition. See Second Habeas Petition at 7. Chaidez v. United States will address whether the Supreme Court's holding in Padilla v. Kentucky, 130 S.Ct. 1473 (2010), applies retroactively. In Padilla v. Kentucky, the Court ruled that an attorney's failure to advise a client of the deportation consequences of a conviction amounts to ineffective assistance. See 130 S.Ct. at 1478. This issue is not the one presented here, and Cobos provides no support for his assertion that a ruling in favor of the Defendant in Chaidez v. United States "will have a substantial effect on the outcome of [Cobos]'s current habeas petition." Second Habeas Petition at 7. The Court also notes that the Tenth Circuit has held that Padilla v. Kentucky, although providing a new rule, does not apply retroactively, because it is a procedural rule and is not a watershed rule of criminal procedure. See United States v. Chang Hong, 671 F.3d 1147, 1157 (10th Cir. 2011). Because the Supreme Court has not made Lafler v. Cooper or Missouri v. Frye retroactive, see United States v. Keyes, 280 F.App'x 700, 2008 WL 2228834, at *2 (10th Cir. 2008)(unpublished decision)("But Lopez does not

satisfy the requirements of § 2255(f)(3). To begin with, the Supreme Court has not ruled that Lopez applies retroactively to cases on collateral review."), and because there is no basis for the Court to find that a decision in Chaidez v. United States will effect the retroactivity of Lafler v. Cooper or Missouri v. Frye, the one-year statute of limitations runs from the date on which the judgment of conviction became final, see 28 U.S.C. 2255(f)(1). The Judgment in a Criminal Case was filed on August 29, 2002, see CR Doc. 379, and the Tenth Circuit, on March 15, 2004, affirmed Cobos' conviction, see Order and Judgment, filed March 15, 2004 (CR Doc. 448). According to dates in the record and in Cobos' argument, it appears that his claims are time barred.

  Another factor is whether Cobos's claims "are likely to have merit." Trujillo v. Williams, 465 F.3d at 1223 n.16; Haugh v. Booker, 210 F.3d at 1150 n.4. Cobos' claims are unlikely to have merit, because several courts have held that the Supreme Court's decisions in Lafler v. Cooper and Missouri v. Frye are not new rules of law which would justify a successive habeas petition. "28 U.S.C. § 2255(h) clearly establishes that a defendant may bring a second or successive habeas petition only when there is newly discovered evidence or a change in constitutional law that applies retroactively." United States v. Holly, 435 F.App'x 732, 736 (10th Cir. 2011)(unpublished). As the Court and Cobos have noted, the Supreme Court has not applied Lafler v. Cooper or Missouri v. Frye retroactively. "[A] new rule is made retroactive to cases on collateral review only when the Supreme Court explicitly holds that the rule it announced applies retroactively to such cases." Bey v. United States, 399 F.3d 1266, 1268 (10th Cir. 2005)(emphasis in original). Furthermore, it is not clear that those decisions represent a change in the law, which is another requirement to pursue a successive habeas petition. See Alaimalo v. United States, 645 F.3d 1042, 1058 (9th Cir. 2011)("Nor could he meet the relevant condition for obtaining such a certificate because his petition does not rely on 'a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable.")(emphasis added). "A rule is new 'within the meaning of Teague[ v. Lane, 489 U.S. 288, 301 (1989)] if it 'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or was not 'dictated by precedent existing at the time the defendant's conviction became final." United States v. Chang Hong, 671 F.3d 1147, 1153 (10th Cir. 2011)(citation omitted). The Supreme Court has long held that Strickland v. Washington applies to challenged to guilty pleas based on ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). The United States Court of Appeals for the Eleventh Circuit has recently held that the Supreme Court, in Lafler v. Cooper and Missouri v. Frye, "did not announce new rules." In re Perez, 682 F.3d 930, 932 (11th Cir. 2012). The Eleventh Circuit relies on the fact that the Supreme Court characterized its holdings as an application of the Strickland v. Washington, 466 U.S. 668, 686 (1984), standard. See In re Perez, 682 F.3d at 932. See also Missouri v. Frye, 132 S.Ct. at 1409 (noting that its discussion involved an "application of Strickland to the instances of an uncommunicated, lapsed plea"); Lafler v. Cooper, 132 S.Ct. at 1384 (noting that "[t]he question for this Court is how to apply Strickland's prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial"). The Eleventh Circuit held that Lafler v. Cooper and Missouri v. Frye "are not new rules because they were dictated by Strickland." In re Perez, 682 F.3d at 933.[1] It noted that "any doubt as to

---

[1]Several district courts have also held that Lafler v. Cooper and Missouri v. Frye do not establish a new right or rule. See Robertson v. United States, No. 7:10-cr-00054, 2012 WL 2930481, at *2 (W.D. Va. July 18, 2012)(holding that "[t]he Court in Frye did not purport to recognize a new right," but "applied a long recognized right to a particular set of facts"); United States v. Gamboa-Victoria, No. 8:06-cr-465, 2012 WL 2829676, at *2 (M.D. Fla. July 10, 2012)("There is no Supreme Court or Eleventh Circuit precedent recognizing a new right under Missouri v. Frye . . . ."); Holle v. Sec'y Dep't of Corr., No. 3:11cv436, 2012 WL 2885527, at *3 (N.D. Fla. June 27, 2012)(following In re Perez); Gabe v. United States, Nos. CV412-135, CR405-281, 2012 WL 2153946, at *1 n.3 (S.D. Ga. June 13, 2012)(following In re Perez). The Court has not found any case which has held that Lafler v. Cooper and Missouri v. Frye created a new right

whether Frye and Lafler announced new rules is eliminated because the Court decided these cases in the post conviction context," and, to "be 'clearly established federal law' within the meaning of [the Antiterrorism and Effective Death Penalty Act], the rule applied in Lafler must, by definition, have been an old rule under Teague." In re Perez, 682 F.3d at 933. The Tenth Circuit has followed a similar rationale when determining whether the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), was a new rule. See Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004). The Tenth Circuit has noted:

> [W]e have previously concluded that Blakely was not to be applied retroactively to second or successive § 2255 motions. Because we ruled that Blakely was a mere extension of the rule that the Court applied in Apprendi v. New Jersey, 530 U.S. 466 . . . (2000), and because "[t]he Supreme Court has not expressly held that the rule announced in Blakely is . . . retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion," we denied the petitioner authorization to challenge his sentence under Blakely in a second or successive habeas petition.

Bey v. United States, 399 F.3d at 1268 (citations omitted).[2] Accordingly, the Court does not believe that Cobos would be successful in attempting to obtain authorization for a successive petition.

Furthermore, the facts which Cobos has alleged do not suggest that he was denied effective assistance of counsel with respect to the plea bargaining process. Cobos alleges that his counsel

---

or are retroactive.

[2]Although the Tenth Circuit held that Padilla v. Kentucky extended the Sixth Amendment right to counsel to an aspect of plea bargaining "previously untouched by Strickland," United States v. Chang Hong, 671 F.3d at 1156, the Tenth Circuit would be unlikely to apply the same rationale here because the Supreme Court, in Padilla v. Kentucky, made clear that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel," Padilla v. Kentucky, 132 S.Ct. at 1486, and because these decisions were reached in the post-conviction context and the Supreme Court found that the state courts violated clearly established law, see Lafler v. Cooper, 132 S.Ct. at 1391 ("By failing to apply Strickland to assess the ineffective-assistance-of-counsel claim respondent raised, the state court's adjudication was contrary to clearly established law.").

discussed the possibility of a plea with him and that Cobos "ultimately agreed to proceed to trial." Second Habeas Petition at 5. He asserts that his attorney informed him that, despite any plea in the federal case, "the state would indict him again for manufacturing a controlled substance" and that it "would be best for Petitioner to fight his case in trial." Second Habeas Petition at 5. Accordingly, it appears that, on advice of counsel, Cobos decided to decline any plea offer. Moreover, it is not clear from his allegations that the United States offered his attorney a plea deal for Cobos. Cobos' allegations assert that "Petitioner has <u>never</u> seen any sort of plea agreement offered by the Government which was <u>apparently</u> turned down by counsel." Second Habeas Petition at 5 (emphasis added). Cobos, having never seen a plea offer from the United States and citing no evidence from the United States or his attorney, cannot say that the United States made him a plea offer. Finally, the merits of his ineffective assistance claim appear weak, because Cobos is unable to show prejudice. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendant must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." <u>Missouri v. Frye</u>, 132 S.Ct. at 1409. The Court does not believe that Cobos can establish that he would have accepted the plea offer when he has not alleged the terms of such an agreement. Cobos assumes, in his Second Habeas Petition, that any plea offer "would have carried a lesser sentence" and asserts only that he should have had "a chance to decide whether to accept or reject the plea." Second Habeas Petition at 5. Cobos does not argue that he <u>would</u> have accepted a plea, assuming one was offered, as required to show prejudice under <u>Missouri v. Frye</u>. The Court therefore finds that Cobos's ineffective assistance of counsel claims are unlikely to have merit. See <u>Trujillo v. Williams</u>, 465 F.3d 1223 n.16.

It is not in the interest of justice to transfer a case where a "plaintiff either realized or should

have realized that the forum in which he or she filed was improper." Trujillo v. Williams, 465 F.3d at 1223 n.16.  A district court may conclude that a filing was not made in good faith, because "the second or successive authorization requirements are no longer new, and it is by now well-established under the plain language of §§ 2255(h) and 2244(b)(3), prisoners must first obtain circuit-court authorization before filing a second or successive habeas claim in district court." In re Cline, 531 F.3d at 1252.  While the Court does not believe that Cobos has acted in bad faith, he is likely simply attempting to take advantage of a new Supreme Court case, he should have realized that he needed to seek authorization from the Tenth Circuit before filing the Second Habeas Petition.  Because the factors in Trujillo v. Williams weigh in favor of dismissing Cobos's motion rather than transferring it, and in the interest of justice, see 28 U.S.C. § 1631, the Court will dismiss Cobos's § 2255 motion for lack of jurisdiction.

Additionally, the Court will not grant Cobos's request to hold his motion in abeyance pending the Supreme Court's decision in Chaidez v. United States.  First, under Dodd v. United States, 545 U.S. 353 (2005), Cobos's motion is untimely even if the Supreme Court were to apply Padilla v. Kentucky retroactively, because the rule in Padilla v. Kentucky was announced in 2010 and would thus fall outside the one-year statute of limitations.  See Dodd v. United States, 545 U.S. at 358-59 (limitation period runs from date that new right is recognized and not when subsequently made retroactively applicable).  Second, Padilla v. Kentucky addressed the ineffective assistance of an attorney who failed to advise his client regarding the deportation consequences of a guilty plea, which is not the issue here, and Cobos does not address why a ruling in Chaidez v. United States would impact the retroactivity of Lafler v. Cooper and Missouri v. Frye.  And, third, of course, even if the motion were found timely, this Court could not adjudicate it without the Tenth Circuit's authorization.  See Thornbrugh v. United States, 424 F. App'x at 759.  Accordingly, the Court will

not hold this case in abeyance until the Court decides Chaidez v. United States.

**IT IS ORDERED** that Defendant Joe Cobos's Numerically Second Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, by a Person in Federal Custody, filed July 25, 2012 (CIV Doc. 1; CR Doc. 621) is dismissed for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Joe Cobos
Safford, Arizona

   *Plaintiff pro se*